**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**COURT FILE NO.: CV - _____**

| | |
|---|---|
| Wendy Drake<br><br>          Plaintiff,<br><br>v.<br><br>Weltman, Weinberg & Reis Co., L.P.A.<br><br>          Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.    Plaintiff Wendy Drake is a natural person who resides in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Weltman, Weinberg & Reis Co., L.PA.,  (hereinafter "Defendant Weltman") is a law firm and a collection agency operating from an address of 436 Seventh Avenue, Ste. 2718, Pittsburgh, Pennsylvania 15219 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

## FACTUAL ALLEGATIONS

6.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, that went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card, which was used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

7.    The Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

8.    On or about August 18, 2006 Defendant Weltman, sent to Plaintiff via the United States Mail, the letter attached hereto as Exhibit "A".

9.    Exhibit "A" states in relevant part:

Please be advised that this law firm has been retained by the above-referenced creditor as it pertains to the balances due and owing as set forth above. Demand is hereby made upon you to remit to the undersigned the entire balance due and owing within thirty days of the date of this letter.

If you are unable to comply with our client's demand to satisfy the entire balance due and owing, it is imperative that you contact our office at 1-888-434-0085 to make satisfactory arrangements for the balance due and owing…

Your failure to either remit the balance or enter into satisfactory arrangements will leave us with no alternative but to recommend to our client that a lawsuit be filed.

10.    The statements in Defendant's collection letter are to be interpreted under the "least sophisticated consumer" standard.

### Violation of § 1692g –
### Overshadowing the 30-Day Validation Notice

11.    Section 1692g of the FDCPA requires that within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective

-2-

validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

12.     Although Defendant's initial letter contains a validation notice, that notice was contradicted, or overshadowed, and thus rendered ineffective by other language in that letter. Specifically, Defendant's letter demanded payment "within 30 days of the date of this letter." This would confuse consumers by creating a false sense of urgency as to whether the consumer must act before expiration of the 30-day validation period, or whether they have the full 30 days to dispute the validity of the alleged debt. Defendant's collection letter thus violates § 1692g of the FDCPA.

13.     This letter from Defendant Weltman to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g, amongst others.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     The foregoing intentional and negligent acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

Case 2:05-mc-02025   Document 3075   Filed 06/18/07   Page 4 of 4

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against  Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  June 18, 2007                          **JEFFREY L. SUHER, P.C.**

By:  **s/Jeffrey L. Suher**
Jeffrey L. Suher, Esq.
Attorney I.D.#74924
4328 Old William Penn Highway, Suite 2J
Monroeville, PA 15146
Telephone:  (412) 374-9005
Facsimile: (412) 374-0799
lawfirm@jeffcanhelp.com

**Attorney for Plaintiff**